UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Samuel Davis**, # 244222, | ) C/A No. 8:05-2254-DCN-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| **Kirkland Reception and Evaluation Center**; General Assembly of South Carolina; **Kershaw County Sheriff's Department**; **Supervisor and Investigator**; **State Hospital Forensic Unit**; **South Carolina Department of Corrections Administration**; and **Governor of South Carolina**, | ) |
| Defendants. | ) |

_____

# Background of this Case

The plaintiff is an inmate at the Kirkland Reception and Evaluation Center of the South Carolina Department of Corrections (SCDC). SCDC inmate information (available on the LEXIS® service) indicates that he is serving a fifteen-year sentence for an armed robbery conviction, which was entered in the Court of General Sessions for Kershaw County:

    *** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***
    SOUTH CAROLINA DEPARTMENT OF CORRECTIONS

1

SOUTH CAROLINA INMATES

Name: DAVIS, SAMUEL

* * *

***** SENTENCE INFORMATION *****

Inmate Number: 00244222
County of Conviction: KERSHAW
Location: KIRKLAND CORR INST
Offense: ARMED ROBBERY
Sentence Length: 15 YEARS
Sentence Total: 15 YEARS
Sentence Begin Date: 9/29/1997
Parole Date: 12/23/2008
Sex Offender Registration Required: NO
Inmate Status: INCARCERATED

(South Carolina Inmate Database on LEXIS® service [quotation downloaded on October 25, 2005]).[1]

In an order (Entry No. 3) filed in this case on August 17, 2005, the undersigned directed the plaintiff to submit the items needed to render this case into "proper form" within twenty (20) days. After receiving an extension of time, the plaintiff submitted an amended complaint (Entry No. 9) on October 7, 2005.

---

[1] In accordance with the privacy policy of the Judicial Conference of the United States, the undersigned has omitted certain personal information from this download to protect the plaintiff's privacy. Court records, including this Report and Recommendation, are retrievable by the public from the court's Case Management-Electronic Case Filing System (CM-ECF).

In the amended complaint (Entry No. 9), the plaintiff has added defendants in the party information section on page 2. The undersigned authorized the Office of the Clerk of Court to add those defendants on the docket sheet of this case. Hence, those new defendants appear in the caption of this Report and Recommendation.

The "STATEMENT OF CLAIM" portion of the § 1983 does not contain specific allegations. The plaintiff writes:

spitE. [sic]

Wantonness.

Totailitarian.

Tradition / cos-tume.

Weigh.

Pure 5. Grid (5).
Purge 3. Grid(1)(1).

                        Racism... . Grid.

                        CorporatE [sic]

Fiduciary relationship (1)(2)(3)(4).

    Early months 2005 approx 5th or 6th month this year national apology for lyching [sic] Law still used, The Senate of the United States of America

> Approx 6th, 7th month 2005 South Carolina Senate Legislators apology in the Scope same: Southern Structure Doctrin. [sic]

(Complaint, at page 3-4 [irregular capitalization in original]). In his prayer for relief, the plaintiff appears to be seeking release from prison in the interests of justice, damages, and injunctive relief.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983);

4

and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2]  *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the amended § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v.

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The General Assembly of South Carolina, the South Carolina Department of Corrections Administration, and the Governor of South Carolina are immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department.  *See, e.g.,* Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 152 L.Ed.2d 962, 122 S.Ct. 1864, 2002 U.S. LEXIS® 3794 (2002); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 148 L.Ed.2d 866, 121 S.Ct. 955, 2001 U.S. LEXIS® 1700 (2001); Kimel v. Florida Board of Regents, 528 U.S. 62, 145 L.Ed.2d 522, 120 S.Ct. 631, 2000 U.S. LEXIS® 498 (2000)(Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); Alden v. Maine, 527 U.S. 706, 4601, 144 L.Ed.2d 636, 119 S.Ct. 2240, 1999 U.S. LEXIS® 4374 (1999); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Belcher v. South Carolina

6

Board of Corrections, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and Simmons v. South Carolina State Highway Dept., 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Sheriff's Departments in South Carolina are state agencies, not municipal departments.  See Section 23-13-550, South Carolina Code of Laws; and 1975 S.C.Att'y.Gen'l.Op. No. 47 (January 22, 1975); and Section 23-13-10 of the South Carolina Code of Laws.  Moreover, the Sheriff of Kershaw County and the Kershaw County Sheriff's Department have Eleventh Amendment immunity.  Comer v. Brown, 88 F.3d 1315, 1332, 1996 U.S.App. LEXIS® 17326 (4th Cir. 1996)(suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").  Indeed, any damages to the plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund.  Comer v. Brown, supra, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").  Hence, the Kershaw County Sheriff's Department is subject to summary dismissal because of Eleventh Amendment immunity.

The Kirkland Reception and Evaluation Center and the State Hospital Forensic Unit are buildings and facilities.  Inanimate objects – such as

buildings, facilities, and grounds – do not act under color of state law. Hence, neither the Kirkland Reception and Evaluation Center or the State Hospital Forensic Unit is a "person" subject to suit under 42 U.S.C. § 1983. *See* Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310, 1999 U.S.Dist. LEXIS® 9857 (E.D.Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301, 1989 U.S.Dist. LEXIS® 12440 (E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf.* Wright v. El Paso County Jail, 642 F.2d 134, 136 n. 3 (5th Cir. 1981). Moreover, the entities that operate those two facilities — the South Carolina Department of Corrections and the South Carolina Department of Mental Health — are immune from suit under the Eleventh Amendment, supra.

    The individual members of the General Assembly are immune from suit because of legislative immunity. *See* Tenney v. Brandhove, 341 U.S. 367 (1951); and Haskell v. Washington Township, 864 F.2d 1266, 1277 (6th Cir. 1988)("legislators of any political subdivision of a state are absolutely immune

from liability under 42 U.S.C. § 1983 insofar as they are acting in a legislative capacity").  *See also* Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 403, 59 L.Ed.2d 401, 99 S.Ct. 1171 (1979)(legislative immunity extends to "regional" legislatures); and Rabkin v. Dean, 856 F. Supp. 543, 546, 1994 U.S.Dist. LEXIS® 13702 (N.D.Cal. 1994). Furthermore, a federal district court may not ask present or former members of legislative bodies why they passed or did not pass a particular statute, or why they authorized funds for one purpose and did not authorize funds for another purpose.  South Carolina Education Association v. Campbell, 883 F.2d 1251, 1989 U.S.App. LEXIS® 12938 (4th Cir. 1989), *cert. denied*, 493 U.S. 1077 (1990).  *Cf.* Doherty v. City of Chicago, 1994 U.S.Dist. LEXIS® 8489, at *19 (N.D.Ill., June 22, 1994)("Absolute immunity shields a legislator's conduct even when that conduct is based on improper motives."), *later proceeding reported at* Doherty v. City of Chicago, 1995 U.S. LEXIS® 396 (N.D.Ill., January 4, 1995); and Sea Cabin on Ocean IV Homeowners Association v. City of North Myrtle Beach, 828 F. Supp. 1241, 1242 n. 1, 1993 U.S.Dist. LEXIS® 11079 (D.S.C. 1993).

The plaintiff does not disclose the identity of the "Supervisor and Investigator" for the Kershaw County Sheriff's Department.  If the "Supervisor

and Investigator" was involved in the plaintiff's criminal case in the Court of General Sessions for Kershaw County, he or she would be entitled to summary dismissal under the holding in Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted).  *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v.

10

Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Until the plaintiff's conviction or sentence is set aside, any civil rights action based on the conviction, sentence, and related matters will be barred because of the holding in Heck v. Humphrey, supra. Even so, the limitations period will not begin to run until the cause of action accrues. *See* Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 830 & n. 3, 1996 U.S.Dist. LEXIS® 18335 (D.N.J. 1996)(following Heck v. Humphrey: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and Snyder v. City of Alexandria, 870 F. Supp. 672, 685-688, 1994 U.S.Dist. LEXIS® 17230 (E.D.Va. 1994).

This federal district court cannot order the plaintiff's release from prison. Myers v. Pauling, 1995 U.S.Dist. LEXIS® 7628, 1995 WESTLAW® 334284 (E.D.Pa., June 2, 1995)("Release from prison is not a remedy available under 42 U.S.C. § 1983."). *See also* Edwards v. Balisok, 520 U.S. 641, 137 L.Ed.2d 906, 117 S.Ct. 1584, 1997 U.S. LEXIS® 3075 (1997).

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

                                          Respectfully submitted,

Greenville, South Carolina                  S/Bruce Howe Hendricks
October 26, 2005                             United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The **Serious Consequences** of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  \* \* \* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  \* \* \*  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603
